Day, J.
We find no such repugnancy between the granting and the habendum clauses of the.deed as to justify a rejection of the latter clause, or between the granting ■clause and the proviso as to warrant a rejection of the proviso. Nor is there any reason why the term “ heirs ” in the granting clause might not be explained or qualified in the clauses which follow, so as to limit the grant to the issue •of the grantee, and to show that the grantee was only to take a life estate or a qualified fee.
The property is conveyed by the granting clause to Thomas and his heirs, but the fee thus granted in general terms, by the more specific language that follows, is explained so as to mean a fee, qualified with the condition that if he died without issue, it should go to and vest in the heirs or issue of the grantor.
We think no construction more favorable to the plaintiff than this can be given to the deed, without doing violence to the intention of the grantor, as manifested therein.
It follows that when Thomas died without issue living, the estate passed, by the deed, to the issue of John Smith, the grantor, and left nothing to the plaintiff by way of inheritance or of dower.

Judgment affirmed.

Scott, Chief Judge, Wright, Johnson, and Ashburn, JJ., concurred.